2611-CC00311
Electronically Filed - St Charles Circuit Div - February 26, 2026 - 11:31 PM

**IN THE CIRCUIT COURT OF ST. CHARLES COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| ANGELICIA SCHAFFER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No: |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| CITIGROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PETITION

COMES NOW PLAINTIFF, Angelicia Schaffer (hereinafter "Plaintiff Schaffer"), by and through her undersigned counsel, and as grounds for her Petition states and alleges as follows:

## PRELIMINARY STATEMENT AND JURY DEMAND

This action is brought by Plaintiff Schaffer for race discrimination, hostile work environment, retaliation, and wrongful termination in violation of public policy under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010 et seq.

Plaintiff requests a jury trial pursuant to Missouri Rule of Civil Procedure 69.01(a).

## STATEMENT OF FACTS

Plaintiff Schaffer is an African American woman and an individual with her place of residence in St. Charles County, Missouri.

Electronically Filed - St Charles Circuit Div - February 26, 2026 - 11:31 PM

Defendant Citigroup, Inc. (hereinafter "Defendant Citigroup") is a corporation doing business in the State of Missouri and at all times relevant hereto acted through its servants, agents, and employees.

During all times relevant to this Petition, Defendant Citigroup is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b), employing more than fifteen employees, and within the meaning of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010(8), employing at least six employees.

At all times hereinafter mentioned, Plaintiff Schaffer was employed by Defendant Citigroup in its fraud department. In her role, Plaintiff Schaffer was responsible for identifying fraudulent activity on customer accounts and placing holds on cards when fraud was detected. Plaintiff Schaffer also possessed a professional background in security and loss prevention from prior employment, making her well-qualified for positions of greater responsibility within Defendant Citigroup.

Throughout her employment, Plaintiff Schaffer consistently demonstrated strong job performance, including meeting or exceeding performance expectations in her role, and expressed her interest in career advancement, specifically seeking promotion to a trainer position within Defendant Citigroup. The trainer position was more desirable because it offered the opportunity to train and develop other employees, and Plaintiff Schaffer possessed the relevant qualifications, skills, and demonstrated ability to perform training duties effectively. Plaintiff Schaffer had

Electronically Filed - St Charles Circuit Div - February 26, 2026 - 11:31 PM

successfully performed training-related functions within her department and had received positive feedback regarding her ability to mentor and guide other employees.

Plaintiff Schaffer's friends and colleagues within Defendant Citigroup discussed how Plaintiff Schaffer was being treated poorly and overlooked for the trainer position, demonstrating a recognized pattern of discriminatory denial of advancement opportunities visible to those in the workplace.

On or around May 1, 2024, Plaintiff Schaffer formally communicated her interest in being promoted to the trainer position to her supervisor, Chanda, and to Laura Baker, a member of management. Laura Baker informed Plaintiff Schaffer that the company would begin implementing a process for filling such positions. On or around May 8, 2024, despite Plaintiff Schaffer's qualifications and expressed interest, Defendant Citigroup failed and refused to promote Plaintiff Schaffer to the trainer position.

Instead, Defendant Citigroup promoted and/or selected other employees who were not African American for the trainer and mentor positions, thereby denying Plaintiff Schaffer equal opportunities for advancement on the basis of her race. A white coworker named Amy witnessed Plaintiff Schaffer being treated differently with respect to mentoring opportunities and promotions compared to non-African American employees, further corroborating the discriminatory treatment Plaintiff Schaffer endured.

During her employment, Plaintiff Schaffer was subjected to racially hostile and offensive conduct in the workplace. On or around March 2023, a coworker named

Electronically Filed - St Charles Circuit Div - February 26, 2026 - 11:31 PM

Barb made racially insensitive and demeaning remarks in the workplace, including recounting a story about her pastor's sermon regarding his Black daughter experiencing "serious problems," delivered in a manner that was demeaning and offensive to Plaintiff Schaffer and other African American employees. The remarks reflected and reinforced the broader pattern of racial discrimination that Plaintiff Schaffer herself experienced in the workplace.

Plaintiff Schaffer was further subjected to differential treatment in the workplace compared to her non-African American colleagues. Specifically, Plaintiff Schaffer was excluded from participating in workplace chat communications used by mentors and trainers, was denied opportunities to take on mentoring responsibilities that were afforded to non-African American employees, was publicly called out and singled out in workplace communications in a manner not experienced by similarly situated non-African American employees, and was subjected to unwarranted criticism regarding "how to speak and type"—scrutiny not applied to her non-African American counterparts.

In March 2023, Plaintiff Schaffer reported the racially discriminatory treatment, hostile work environment, and concerns regarding workplace misconduct and fraud within her department to Defendant Citigroup's Human Resources department, demonstrating her good faith effort to follow proper reporting procedures. Following an investigation, an HR representative informed Plaintiff Schaffer that her complaints were *"founded"* and that the information Plaintiff

Electronically Filed - St Charles Circuit Div - February 26, 2026 - 11:31 PM

Schaffer provided matched the findings of the investigation. The HR representative further acknowledged that Plaintiff Schaffer had a "claim" against the company.

Despite acknowledging that Plaintiff Schaffer's complaints of racial discrimination and workplace misconduct were founded, Defendant Citigroup failed to take prompt and effective corrective action to remedy the discriminatory conduct or address the underlying misconduct Plaintiff Schaffer reported. Instead, Defendant Citigroup informed Plaintiff Schaffer that "they wanted for her to move in a different direction" with the company.

Rather than promoting Plaintiff Schaffer to the trainer position she was qualified for and had sought, or otherwise rewarding her for reporting legitimate workplace concerns, Defendant Citigroup forced Plaintiff Schaffer into a lateral move. This lateral transfer punished Plaintiff Schaffer for exercising her rights and reporting discrimination, while the employees who had engaged in discriminatory conduct faced no meaningful consequences. Defendant Citigroup's decision to punish Plaintiff Schaffer after its own internal investigation confirmed the validity of her discrimination complaints demonstrates a reckless indifference to Plaintiff Schaffer's federally and state-protected rights that was willful and outrageous.

Plaintiff Schaffer's supervisor, Carlet Abbott, who is also African American, similarly experienced discriminatory treatment within Defendant Citigroup, further demonstrating a pattern and practice of race discrimination against African American employees within the organization.

Electronically Filed - St Charles Circuit Div - February 26, 2026 - 11:31 PM

As a direct result of the racially discriminatory and hostile work environment, and Defendant Citigroup's retaliatory actions, Plaintiff Schaffer suffered severe emotional and psychological harm, including diagnosed major depressive disorder ("MDD"), insomnia, and anxiety disorder, as confirmed by her treating mental health provider in a letter dated March 8, 2024. Plaintiff Schaffer experienced acute panic attacks, including an episode upon leaving the workplace after the racially offensive incident, during which she contacted her ex-husband while in a state of hysteria and was unable to continue working under such conditions. Documentary evidence, including Defendant Citigroup's internal HR investigation findings confirming Plaintiff Schaffer's complaints were "founded," the treating mental health provider's letter dated March 8, 2024, workplace communications, the EEOC Charge of Discrimination, and the Right to Sue letter dated November 28, 2025, corroborate the pattern of discrimination, retaliation, and hostile work environment alleged herein.

The conditions created by Defendant Citigroup's discriminatory and retaliatory conduct—including the hostile work environment, the denial of promotional opportunities, the forced lateral transfer, and the ongoing differential treatment—constituted a continuous pattern of discriminatory treatment that escalated over an extended period and were so intolerable that a reasonable person in Plaintiff Schaffer's position would have felt compelled to resign, thereby constituting constructive discharge. Defendant Citigroup intended to force Plaintiff Schaffer to resign, or at a minimum could reasonably foresee that its systematic

Electronically Filed - St Charles Circuit Div - February 26, 2026 - 11:31 PM

campaign of adverse actions following her protected complaints would cause Plaintiff Schaffer to quit.

Plaintiff Schaffer filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), Charge No. 560-2025-01895, alleging race discrimination and related claims against Defendant Citigroup.

On November 28, 2025, the EEOC issued Plaintiff Schaffer a Notice of Right to Sue. See Exhibit A, Notice of Right to Sue Letter. This Petition is timely filed within ninety (90) days of Plaintiff Schaffer's receipt of the Right to Sue letter, as required by 42 U.S.C. § 2000e-5(f)(1).

Plaintiff Schaffer has satisfied all conditions precedent to filing this action and has exhausted all required administrative remedies.

## COUNT I: RACE DISCRIMINATION: FAILURE TO PROMOTE

## UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND THE MISSOURI HUMAN RIGHTS ACT

Plaintiff Schaffer incorporates the above-stated paragraphs of this Petition by reference.

Plaintiff Schaffer is a member of a protected class under Title VII and the Missouri Human Rights Act, Mo. Rev. Stat. § 213.055, based on her race. Plaintiff Schaffer is African American.

Plaintiff Schaffer was objectively qualified for the trainer position with Defendant Citigroup based on her consistent record of strong job performance, her demonstrated experience and skills in fraud detection and customer account management, her demonstrated training ability within the department, and her

Electronically Filed - St Charles Circuit Div - February 26, 2026 - 11:31 PM

professional background in security and loss prevention from prior employment. Plaintiff Schaffer met or exceeded the qualifications required for the trainer position, including the leadership, communication, and subject-matter expertise necessary to train and develop other employees.

Plaintiff Schaffer applied for and/or expressed interest in promotion to the trainer position and was denied the promotion despite her qualifications.

Similarly situated employees who were not African American were promoted to the trainer position or given mentoring opportunities that were denied to Plaintiff Schaffer. Plaintiff Schaffer's friends and colleagues discussed how she was "treated and looked over for the position as the trainer," demonstrating a recognized pattern of discriminatory denial of advancement opportunities.

Plaintiff Schaffer's race was a motivating factor in Defendant Citigroup's decision to deny her the promotion to trainer and to deny her mentoring opportunities that were afforded to non-African American employees. Under the Missouri Human Rights Act, as amended in 2017 by Senate Bill 43, "motivating factor" means "the employee's protected classification actually played a role in the adverse action or decision and had a determinative influence on the adverse decision or action." Mo. Rev. Stat. § 213.010(19). The evidence that Defendant Citigroup's own HR investigation found Plaintiff Schaffer's complaints of racial discrimination to be "founded," yet the company thereafter denied her the promotion and instead selected non-African American employees, demonstrates that any non-discriminatory justification proffered by Defendant Citigroup for its decision was pretextual.

Electronically Filed - St Charles Circuit Div - February 26, 2026 - 11:31 PM

Defendant Citigroup subjected Plaintiff Schaffer to adverse employment actions, including denial of promotion opportunities and ultimately constructive discharge, because of her race. Defendant Citigroup's conduct violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), which makes it unlawful for an employer to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment because of such individual's race. Defendant Citigroup's own HR investigation confirmed that Plaintiff Schaffer's discrimination complaints were "founded," yet the company thereafter took adverse action against Plaintiff Schaffer rather than the individuals who engaged in discriminatory conduct, demonstrating consciousness of wrongdoing. Defendant Citigroup's stated reasons for its treatment of Plaintiff Schaffer, if any, are pretextual and the true reason for such treatment was Plaintiff Schaffer's race.

As a direct and proximate result of Defendant Citigroup's discriminatory conduct, Plaintiff Schaffer has suffered damages including lost wages, lost benefits, lost opportunities for career advancement, emotional distress, mental anguish, humiliation, damage to her professional reputation, and other compensatory damages. Plaintiff Schaffer is entitled to all damages recoverable under the MHRA, including back pay and interest thereon, and additional damages as provided by Mo. Rev. Stat. § 213.111.

WHEREFORE, Plaintiff Schaffer respectfully requests that the Court enter judgment in her favor and against Defendant Citigroup in excess of $25,000.00, and award Plaintiff Schaffer: Compensatory damages for lost wages, benefits, and other

Electronically Filed - St Charles Circuit Div - February 26, 2026 - 11:31 PM

economic losses; Compensatory damages for emotional distress, humiliation, mental anguish, and pain and suffering; Pre-judgment and post-judgment interest as allowed by law; Reasonable attorney's fees and costs of this action; and Such other relief as the Court deems fair, just, and equitable.

## COUNT II: HOSTILE WORK ENVIRONMENT BASED ON RACE

## UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND THE MISSOURI HUMAN RIGHTS ACT

Plaintiff Schaffer adopts and reincorporates the above paragraphs as though fully set forth herein.

Plaintiff Schaffer is a member of a protected class based on her race. Plaintiff Schaffer is African American.

During her employment with Defendant Citigroup, Plaintiff Schaffer was subjected to unwelcome harassment based on her race, including but not limited to: racially insensitive and demeaning remarks by coworkers; unwarranted criticism regarding her communication style, specifically "how to speak and type," which was not applied to similarly situated non-African American employees; being excluded from workplace chat communications and mentoring opportunities available to non-African American employees; being publicly singled out and called out in workplace communications; being overlooked for promotion to the trainer position in favor of non-African American employees despite equal or superior qualifications; and being forced into a lateral move after her founded complaints of racial discrimination rather than receiving corrective action and the promotion she deserved.

Electronically Filed - St Charles Circuit Div - February 26, 2026 - 11:31 PM

The racially hostile conduct was sufficiently severe and/or pervasive to alter the conditions of Plaintiff Schaffer's employment and create an abusive and intimidating work environment, as viewed both subjectively by Plaintiff Schaffer and as would be viewed objectively by a reasonable person in her position, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), and the Missouri Human Rights Act, Mo. Rev. Stat. § 213.055. The discriminatory acts Plaintiff Schaffer endured—including racially insensitive remarks, unwarranted criticism of her communication style, exclusion from workplace communications and mentoring opportunities, being publicly singled out, and denial of promotional opportunities—were not isolated incidents but rather constituted a continuous pattern of race-based hostile conditions that gained their primary significance through their cumulative effect. Defendant Citigroup is liable for the hostile work environment because it knew or should have known of the racially hostile conduct and failed to take prompt and effective corrective action. In fact, Defendant Citigroup's own HR investigation confirmed the harassment complaints were "founded," yet the company failed to remedy the hostile environment and instead punished Plaintiff Schaffer. The hostile environment directly caused Plaintiff Schaffer to suffer diagnosed major depressive disorder, insomnia, anxiety disorder, and panic attacks, as confirmed by her treating mental health provider.

Plaintiff Schaffer reported the hostile work environment to Defendant Citigroup's Human Resources department. Defendant Citigroup acknowledged that Plaintiff Schaffer's complaints were founded but failed to take prompt and effective

Electronically Filed - St Charles Circuit Div - February 26, 2026 - 11:31 PM

corrective action to eliminate the hostile work environment. Instead, Defendant Citigroup punished Plaintiff Schaffer by forcing her into a lateral transfer. Under the MHRA, as amended by Senate Bill 43 (2017), Plaintiff Schaffer's race was a motivating factor in the hostile treatment she endured, meaning her protected classification "actually played a role in the adverse action or decision and had a determinative influence on the adverse decision or action." Mo. Rev. Stat. § 213.010(19).

Defendant Citigroup, through its policies and inactions, created a workplace culture that encouraged and failed to reprimand continued discriminatory conduct by its employees and agents.

As a direct and proximate result of Defendant Citigroup's conduct, Plaintiff Schaffer suffered severe emotional and psychological harm, including diagnosed major depressive disorder, insomnia, anxiety disorder, and panic attacks, as well as lost wages, lost benefits, damage to her professional reputation, and other compensatory damages.

WHEREFORE, Plaintiff Schaffer respectfully requests that the Court enter judgment in her favor and against Defendant Citigroup in excess of $25,000.00, and award Plaintiff Schaffer: Compensatory damages for lost wages, benefits, and other economic losses; Compensatory damages for emotional distress, humiliation, mental anguish, and pain and suffering; Pre-judgment and post-judgment interest as allowed by law; Reasonable attorney's fees and costs of this action; and Such other relief as the Court deems fair, just, and equitable.

Electronically Filed - St Charles Circuit Div - February 26, 2026 - 11:31 PM

## COUNT III: RETALIATION

## UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND THE MISSOURI HUMAN RIGHTS ACT, MO. REV. STAT. § 213.070

Plaintiff Schaffer adopts and reincorporates the above paragraphs as though fully set forth herein.

Plaintiff Schaffer engaged in protected activity by reporting racial discrimination, a hostile work environment, and workplace misconduct and fraud concerns to Defendant Citigroup's Human Resources department in or around March 2023, and by filing a Charge of Discrimination with the EEOC, constituting protected activity in opposition to unlawful employment practices under Title VII, 42 U.S.C. § 2000e-3(a), and the MHRA, Mo. Rev. Stat. § 213.070.

Defendant Citigroup was aware of Plaintiff Schaffer's protected activity, as evidenced by HR's acknowledgment that Plaintiff Schaffer had a "claim" against the company and that "the case was founded."

Following Plaintiff Schaffer's protected activity, Defendant Citigroup subjected Plaintiff Schaffer to adverse employment actions, including but not limited to: Denying her the promotion to the trainer position she was qualified for and had sought; Forcing her into a lateral transfer rather than addressing the discriminatory conduct she reported; Removing her from her position in the fraud department; Subjecting her to unwarranted criticism regarding "how to speak and type"; Each of the foregoing adverse actions constituted materially adverse actions that would dissuade a reasonable employee from making or supporting a complaint of discrimination, in violation of Title VII's anti-retaliation provision, 42 U.S.C. § 2000e-

Electronically Filed - St Charles Circuit Div - February 26, 2026 - 11:31 PM

3(a). See Burlington Northern & Santa Fe Railway Co. v. White, 548 U.S. 53, 68 (2006) (holding that Title VII's anti-retaliation provision covers employer actions that would be "materially adverse" to a reasonable employee). Continuing to exclude her from mentoring and advancement opportunities; Creating conditions so intolerable as to constitute constructive discharge; and Ultimately causing her separation from employment.

There was a causal connection between Plaintiff Schaffer's protected activity and the adverse employment actions she suffered. The adverse actions occurred in close temporal proximity to Plaintiff Schaffer's complaints of racial discrimination, and Defendant Citigroup's own investigation confirmed that Plaintiff Schaffer's complaints were founded. Although Defendant Citigroup acknowledged the legitimacy of Plaintiff Schaffer's complaints, it nonetheless punished Plaintiff Schaffer by transferring her and creating conditions that forced her departure, rather than addressing the underlying misconduct she reported. The fact that Defendant Citigroup's adverse actions escalated following its own determination that Plaintiff Schaffer's discrimination complaints were meritorious provides compelling evidence that Plaintiff Schaffer's protected activity was a motivating factor in Defendant Citigroup's decision to take reprisal against her. Defendant Citigroup deliberately rendered Plaintiff Schaffer's working conditions so intolerable—through the denial of promotion, forced lateral transfer, continued exclusion from advancement opportunities, and ongoing differential treatment—that a reasonable person in Plaintiff Schaffer's situation would find the working conditions intolerable, and

Electronically Filed - St Charles Circuit Div - February 26, 2026 - 11:31 PM

Defendant Citigroup intended or could reasonably foresee that its actions would cause Plaintiff Schaffer to resign, thereby constituting constructive discharge.

Plaintiff Schaffer's protected activity was a motivating factor in Defendant Citigroup's decision to subject her to adverse employment actions. Defendant Citigroup's retaliatory actions were undertaken with the intent to punish Plaintiff Schaffer for reporting discrimination and workplace misconduct, and to deter other employees from making similar reports.

As a direct and proximate result of Defendant Citigroup's retaliatory conduct, Plaintiff Schaffer has suffered damages including lost wages, lost benefits, lost opportunities for career advancement, emotional distress, mental anguish, humiliation, damage to her professional reputation, and other compensatory damages.

WHEREFORE, Plaintiff Schaffer respectfully requests that the Court enter judgment in her favor and against Defendant Citigroup in excess of $25,000.00, and award Plaintiff Schaffer: Compensatory damages for lost wages, benefits, and other economic losses; Compensatory damages for emotional distress, humiliation, mental anguish, and pain and suffering; Pre-judgment and post-judgment interest as allowed by law; Reasonable attorney's fees and costs of this action; and Such other relief as the Court deems fair, just, and equitable.

**COUNT IV: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

Plaintiff Schaffer adopts and reincorporates the above paragraphs as though fully set forth herein.

Electronically Filed - St Charles Circuit Div - February 26, 2026 - 11:31 PM

Plaintiff Schaffer's employment with Defendant Citigroup was terminated, or alternatively Plaintiff Schaffer was constructively discharged, in violation of Missouri public policy.

Missouri has a clear and well-established public policy against race discrimination in employment, as embodied in the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010 et seq., and Title VII of the Civil Rights Act of 1964. Missouri further maintains a strong public policy in favor of employees reporting illegal conduct, fraud, and workplace misconduct. Missouri's Whistleblower's Protection Act, Mo. Rev. Stat. § 285.575, codifies these protections for employees who report unlawful acts or serious misconduct to their employer's human resources representatives or to proper authorities.

Plaintiff Schaffer was terminated or constructively discharged because she reported concerns about racial discrimination and fraudulent activity within Defendant Citigroup's organization. Specifically, in the course of her employment in Defendant Citigroup's fraud department, Plaintiff Schaffer identified and reported concerns regarding workplace misconduct and fraud to Defendant Citigroup's Human Resources department in or around March 2023. Plaintiff Schaffer's reporting of fraudulent activity constituted protected whistleblowing activity under Missouri public policy, and her reporting of such concerns was a motivating factor in Defendant Citigroup's decision to force her into a lateral transfer and ultimately to constructively discharge her. Defendant Citigroup's termination of Plaintiff Schaffer's employment directly violated the public policies embodied in these statutes

Electronically Filed - St Charles Circuit Div - February 26, 2026 - 11:31 PM

and Missouri's interest in detecting and preventing fraud. To the extent this Count alleges wrongful termination based on Plaintiff Schaffer's reporting of fraud and illegal conduct, such claim is independent of and not preempted by the Missouri Human Rights Act, as Missouri's public policy in favor of reporting fraud exists separately from the MHRA's protections against discrimination.

Defendant Citigroup's conduct in terminating or constructively discharging Plaintiff Schaffer for reporting discrimination and fraud contravenes the clear mandate of public policy and constitutes wrongful termination. Plaintiff Schaffer's reporting of discrimination and fraudulent activity was a motivating factor in Defendant Citigroup's decision to force her into a lateral transfer and ultimately to constructively discharge her.

As a direct and proximate result of her wrongful termination, Plaintiff Schaffer has suffered damages including lost wages, lost benefits, lost future earning capacity, emotional distress, mental anguish, humiliation, damage to her professional reputation, and other compensatory damages.

WHEREFORE, Plaintiff Schaffer respectfully requests that the Court enter judgment in her favor and against Defendant Citigroup in excess of $25,000.00, and award Plaintiff Schaffer: Compensatory damages for lost wages, benefits, and other economic losses; Compensatory damages for emotional distress, humiliation, mental anguish, and pain and suffering; Pre-judgment and post-judgment interest as allowed by law; Reasonable attorney's fees and costs of this action; and Such other relief as the Court deems fair, just, and equitable.

Electronically Filed - St Charles Circuit Div - February 26, 2026 - 11:31 PM

Respectfully submitted,

**OTT LAW FIRM, LLC**

BY: *_/s/ Jennifer L. Walker_*
Joseph A. Ott #67889
Jennifer L. Walker #75800
5 Lockwood W Ave, Ste 1
Webster Groves, Missouri 63119
Telephone: (314) 376-8046
Facsimile: (314) 689-0080
Email: joe@ott.law; jennifer@ott.law

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served via electronic mail on this 26th day of February 2026, to all counsel of record.

*_/s/ Jennifer L. Walker_*